**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**THOMAS HARRISION**                                                 **PETITIONER**

**V.**                                         **CIVIL ACTION NO. 3:19CV871 HTW-LRA**

**WARDEN WALTER VEREEN**                                     **RESPONDENT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Thomas Harrison filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking a reinstatement of good-conduct credit. Petitioner alleges that disciplinary proceedings, resulting in the loss of good-conduct credit, violated his due process rights and the Federal Bureau of Prisons (BOP) regulations.  Respondent asserts that the petition should be denied as moot and for lack of exhaustion.  Having considered the submissions of the parties and the applicable law, the undersigned recommends that the petition be dismissed without prejudice.

Harrison is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi (FCC-Yazoo).  While housed at a previous BOP facility, Harrison was charged with destroying or disposing of an item during a search.  In the instant petition, Harrison claims that his due process rights were violated because he was precluded from presenting witnesses or video footage of the incident during his disciplinary hearing.  In his prayer for relief, he requests that his disciplinary conviction be expunged from his record and his 41 days good-conduct time be restored.

Petitioner's initial disciplinary hearing was conducted on February 11, 2019, and he was found guilty of the conduct alleged.  Petitioner then completed the administrative remedy process and received a denial of his appeal at the final step on September 23, 2019.  He then appropriately filed his petition in this Court on November 27, 2019.  After the case was filed, but before a ruling, Disciplinary Hearing (DHO) Christopher Grider noted a "discrepancy related to whether or not inmate Harrison requested and/or waived the right to present witness testimony at the time of his first DHO hearing on February 11, 2019."  BOP on its own then initiated a rehearing that was held on February 24, 2020, and again found Petitioner guilty of the charge.  Grider provided an affidavit declaring that Petitioner had been afforded all his rights, and that he had waived his right to present witnesses or evidence.  Harrison simply denied the charges.  Grider also noted that no video footage of the disputed incident existed.  Petitioner objected to BOP rehearing the matter.[1]

In response to the DHO's affidavit, Harrison alleges numerous due process violations arising from the rehearing and continues to maintain his innocence of the underlying allegations.  Respondent asserts that Harrison's claims in the instant petition concerning his initial disciplinary hearing were rendered moot by the rehearing, and that any new claims arising from his rehearing must first be exhausted.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this

---

[1] ECF No. 18-1.

2

title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Inmates seeking to file a petition pursuant to § 2241 exhaust their administrative remedies by complying with the BOP's administrative remedies program. Inmates who begin the administrative grievance process but voluntarily halt the process prematurely have not properly exhausted their administrative remedies, and substantial compliance with administrative procedures does not suffice to exhaust administrative remedies. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). However, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not exhaust administrative remedies. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). Exceptions to the exhaustion requirement "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review." *Fuller*, 11 F.3d at 62. (citations omitted). If an inmate demonstrates an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion. *See Id.*

Pursuant to 28 C.F.R. §§ 542.10–542.19, the BOP has a four step administrative remedies process for inmates seeking formal review of issues relating to their confinement. An inmate must first file a BP-8 form requesting informal resolution. If this is unsuccessful, the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the

3

grievance occurred.  Within 20 calendar days of the Warden's response, the inmate may appeal to the Regional Director by filing a BP-10 form.  If not satisfied with the Regional Director's response, the inmate may appeal by submitting a BP-11 form to the Bureau's Central Office within 30 days of the Regional Director's response.  Upon completing this multiple-tiered review process, federal inmates have exhausted the administrative remedies required for filing a 28 U.S.C. § 2241 petition.

Although BOP did not grant Harrison a rehearing before the administrative remedies process was completed and the instant petition was filed, he was granted a rehearing to address the alleged due process violations arising from his initial hearing.  And, though Harrison complains that the rehearing reached the same result, he does not deny that he failed to exhaust BOP administrative remedies with respect to his rehearing claims.  Rather, Harrison appears to contend that exhaustion of his rehearing claims would be futile and unfair because he exhausted his initial claims before filing the instant petition.  Allegations concerning due process violations stemming from the initial disciplinary hearing were rendered moot by the rehearing.  Any new claim arising from the rehearing occurred after this petition was filed and could not have been exhausted prior to the filing of this petition.  *See Gonzalez-Morales v. Farley*, No. CIV-19-9-SLP, 2019 WL 4237759, at *3 (W.D. Okla. Sept. 6, 2019 (dismissing 28 U.S.C. § 2241 petition where the inmate did not exhaust administrative remedies after a rehearing because the rehearing "rendered moot" the initial disciplinary hearing); *Godoy v. Lara*, No. 1:16-CV-493, 2018 WL 1138437, at *1 (E.D. Tex. Mar. 1, 2018), *appeal dismissed,* 770 F. App'x 220 (5th Cir. 2019), E.D. Tex (same); *Mercado-Pedroza v. Warden, FCI*

4

*Beaumont Medium*, No. 1:17-CV-42, 2018 WL 1310008, at *3 (E.D. Tex. Feb. 13, 2018), *report and recommendation adopted,* No. 1:17-CV-42, 2018 WL 1306476 (E.D. Tex. Mar. 13, 2018), E.D. Tex.; (same); *Cartwright v. Outlaw*, No. 1:05CV797, 2007 WL 2317241, at *1 (E.D. Tex. Aug. 8, 2007) (not designated for publication) (dismissing 28 U.S.C. § 2241 petition where the inmate did not exhaust administrative remedies after a rehearing because the rehearing "rendered moot" the initial disciplinary hearing) (same). It is well-settled that "[e]xceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (not designated for publication) (quoting *Fuller*, 11 F.3d at 62). Harrison has not shown that administrative remedies with regard to his rehearing claims were rendered unavailable due to any action by Respondent, or that extraordinary circumstances warrant an exception to the exhaustion requirement. *See Fuller*, 11 F.3d at 62.

For the reasons set forth above, the undersigned submits that the initial disciplinary hearing was rendered moot by the rehearing and any complaint regarding the initial hearing cannot support the current petition for writ of habeas corpus. The undersigned therefore recommends the dismissal of this petition as moot, without prejudice to petitioner's ability to pursue a petition for writ of habeas corpus concerning any claims that arose at his rehearing after completing exhaustion.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on December 15, 2020.


_____ s/ Linda R. Anderson _____
UNITED STATES MAGISTRATE JUDGE